UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cr-0025 (LJM/KPF) |
| ) | |
| STEVEN PATRICK DONNELLY, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on April 30, 2012, designating a Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 30, 3012, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held May 14, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Donnelly appeared in person with his appointed counsel, Bill Marsh. The government appeared by Steve DeBrota, Assistant United States Attorney. U. S. Parole and Probation appeared by Patrick Jarosh, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.(a)(a)(1), *Federal Rules of Criminal Procedure*, and Title 18, U.S.C. §3583:

1. That Bill Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Donnelly in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Donnelly and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

2. Mr. Donnelly was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

3. Mr. Donnelly was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

4. Mr. Donnelly was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

5. That if the preliminary hearing resulted in a finding of probable cause that Mr. Donnelly had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

6. Mr. Marsh stated that Mr. Donnelly would stipulate there is a basis in fact to hold him on the specification of violation of supervised release numbered 1, as set forth in the Petition.

7. Mr. Donnelly, by counsel, stipulated that he committed the specified violation set forth in the Petition for Warrant or Summons for an Offender Under Supervision, as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court."** <br><br> **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** <br><br> **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** <br><br> **"The defendant shall not consume alcoholic beverages which overrides the 'no excessive use of alcohol' language in standard condition 7."** <br><br> On March 30, 2012, the offender submitted a urine specimen which tested positive for marijuana. On April 17, 2012, when confronted, the offender admitted using marijuana and alcohol. . |

The Court placed Mr. Donnelly under oath and directly inquired of Mr. Donnelly whether he admitted the violation of the specification of his supervised release set forth above. Mr. Donnelly stated that he admitted the above violation as set forth above.

Counsel for the parties further stipulated to the following:

    1)     Mr. Donnelly has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Donnelly constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) The parties agreed, pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Donnelly is 5-11 months.

4) The parties agreed that the Court would make the determination as to what the appropriate sentence would be. The appropriate disposition of the case would be a sentence of four months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Steven P. Donnelly, violated the specified condition of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Steven P. Donnelly is sentenced to the custody of the Attorney General or his designee for a period of four months, with no supervised release to follow. The defendant is allowed to surrender for service of his sentence upon designation. Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

The Magistrate Judge requests that Patrick Jarosh, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE**, the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Donnelly's supervised release and imposing a sentence of imprisonment of four months in the custody of the Attorney General. Further, that upon Mr. Donnelly's release from confinement, he will not be subject to a term of supervised release. Defendant is allowed to self-surrender upon designation. Until the time of designation, Mr. Donnelly will remain under the conditions of supervised release imposed at sentencing.

IT IS SO RECOMMENDED this 21st day of May, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Steve DeBrota,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Marsh,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal